

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 23, 2025

**By ECF and Email**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   *United States v. Dwight Collins*, 25 Cr. 145 (KPF)

Dear Judge Failla:

The Government respectfully submits this letter in opposition to defendant Dwight Collins's July 21, 2025 request to downgrade the conditions of his pretrial release to remove his curfew and location monitoring conditions. (Dkt. 11.)

### I.   Background

On or about February 25, 2025, the defendant was charged by complaint (the "Complaint") with possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

As described in the Complaint, at the time of the offense, the defendant was on parole after serving lengthy sentences for burglary in the first degree, displaying what appears to be a firearm, in violation of New York Penal Law § 140.3(4), and attempting to promote prison contraband in the first degree, in violation of New York Penal Law § 205.25(2). (Complaint ¶ 3(a)-(b).) As a condition of his parole, the defendant had expressly consented, in substance and in part, to the warrantless search of his person, residence, and property while on parole. (*Id.* ¶ 3(c).)

On or about March 22, 2024, the Yonkers Police Department received a report that an individual later identified as the defendant had menaced another person at a gym in Yonkers. (*Id.* ¶ 4(a).) Officers from the Yonkers Police Department notified the defendant's parole officer about the incident. (*Id.*) Several days later, on or about March 28, 2024, several New York Department of Corrections and Community Supervision ("DOCCS") parole officers searched an apartment that Collins had reported as his residence. (*Id.* ¶ 4(b).) There, parole officers observed keys to a vehicle, and Collins directed the officers to a nearby rental car. (*Id.* ¶ 4(c).) Inside the car, officers found a jump starter pack containing a loaded black 9MM Taurus handgun, model PT111 Millenium G2, with serial number TKP01877, twenty-five 9MM S&B bullets, a credit card skimmer (that is, a device that can be illegally installed to steal credit card information), and credit cards in names other than Collins's. (*Id.* ¶ 4(d).) Officers from the New York City Police Department ("NYPD") arrested Collins. (*Id.* ¶ 4(e).) NYPD officers would later confirm that the

keys contained a swipe keycard to the very gym where the menacing incident occurred just days earlier.  (*Id.* ¶ 4(e).)

On or about March 6, 2025, the defendant was arrested on the Complaint and presented before the Honorable Robyn F. Tarnofsky.  Judge Tarnofsky ordered the defendant released on several conditions, including a $25,000 personal recognizance bond co-signed by two financially responsible persons, travel restricted to SDNY and EDNY, and a curfew enforced by location monitoring technology.

On or about April 2, 2025, a grand jury sitting in this District returned an Indictment charging the defendant with possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).

## II.     Applicable Law

A court "may at any time amend the order [setting bail conditions] to impose additional or different conditions of release."  18 U.S.C. § 3142(c)(3).  When considering an application to modify bail conditions, a court considers "the statutory standards applicable to the setting of bail."  *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981).

Pursuant to those standards, in determining whether there are "conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community," the judicial officer must "take into account the available information concerning—(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

When assessing a bail modification request, courts routinely recognize that the "authorization to amend a release order . . . is based on the possibility that a changed situation or new information may warrant altered release conditions."  *United States v. Dzhamgarova*, 21 Cr. 58 (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021).  Thus, bail conditions "should be properly modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown."  *Id.*

## III.    Discussion

The defendant's current conditions of release continue to be necessary, but not greater than necessary, to reasonably assure the safety of the community and the defendant's appearance in court.[1]  The defendant's July 21 request fails to raise any change in circumstances militating in favor of a reduction in the conditions of the defendant's release.

---

[1] As noted in the defendant's submission, the Government sought detention at the time of the defendant's initial presentment.

Page 3

*First*, the defendant remains a danger to the community, as evidenced by the nature and circumstances of the offense and the defendant's criminal history. The defendant's possession of a firearm and ammunition after a felony conviction is by its nature serious. Here, the defendant menaced another person with a firearm and then, only days later, was found with a firearm in a vehicle he drove. That firearm was stored with narcotics, a credit card skimmer, and credit cards not in Collins's name. Even more concerning, the defendant committed the instant offense *while on parole* following a significant term of incarceration. Indeed, this is not the defendant's first offense. In addition to the convictions discussed above—which include another firearm offense—the defendant was also convicted of assault in the second degree, causing injury to a non-participant during the commission of a felony, in violation of New York Penal Law § 120.05, and multiple misdemeanors.

*Second*, the defendant remains a risk of flight. The evidence here is strong, and the defendant faces a significant Guidelines range in light of his criminal history and fact the offense occurred while the defendant was on parole. *See, e.g.*, *United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022) ("The prospect of a severe sentence can create a strong incentive for a defendant to flee and thereby avoid that sentence.").

In seeking to downgrade the conditions of his bail, the defendant emphasizes his compliance with the conditions of his release and "struggle[] to find work because of his pending case and ankle monitor." (Dkt. 11 at 1.) As to the first point, courts regularly find that mere compliance with what the defendant is already legally obligated to do does not warrant the requested bail modification. *See, e.g.*, *United States v. Esposito*, 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. 2019) (rejecting defense contention that defendant's record of compliance with the conditions of pretrial release constituted new circumstances for bail modification); *United States v. Rosario*, 21 Cr. 484 (RA) (S.D.N.Y.), Dkt. 17 (rejecting mere compliance with bail conditions as a basis to modify them); *accord United States v. Johnson*, No. 21 Cr. 707 (WJM), 2022 WL 375319, at *2 (D.N.J. Feb. 8, 2022) (finding "no authority for the proposition that mere compliance with current or past conditions of pretrial release constitute[s] the necessary changed circumstances to warrant bail modification"). The Court should similarly deny a modification here. As to the second point, the defendant has not articulated why his curfew or ankle monitor is interfering with his job search. Should the Court deny the current motion, the Government will, as it previously informed defense counsel, reevaluate its position with respect to any future requests should the defendant's circumstances change.

## IV. Conclusion

For the foregoing reasons, Collins's request should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: *Lauren Phillips*
Lauren E. Phillips
Assistant United States Attorney
Southern District of New York
Tel. 212-637-2231

cc: All counsel of record (by ECF)
Pretrial Services Officer Jonathan Lettieri (by email)

---

```
The Court has reviewed Mr. Collins's application for a bail
modification (Dkt. #11) and the Government's opposition (Dkt. #12).
The Court understands that Pretrial Services does not object to removal
of Mr. Collins's curfew and location monitoring conditions.  (Dkt. #11
at 2).  However, for substantially the reasons in the Government's
opposition, the Court DENIES Mr. Collins's application.  Because the
Government represents that it will "reevaluate its position with
respect to any future requests should the defendant's circumstances
change" (Dkt. #12 at 3), the Court denies Mr. Collins's application
without prejudice to its renewal in an application containing a more
detailed explanation of how Mr. Collins's curfew or ankle monitor is
interfering with his job search.

The Clerk of Court is directed to terminate the pending motion at
docket entry 11.

Dated:    July 24, 2025              SO ORDERED.
          New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE